UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                                                   **CRIMINAL NO. 15-396 (GAG)**

**DAVID SANTIAGO COLÓN,**

**Defendant.**

## ORDER SUPPRESSING IDENTIFICATION EVIDENCE

The Supreme Court held in *Puerto Rico v. Sanchez Valle*, --- U.S. ----, 136 S. Ct. 1863, 1869-1877 (2016), that for the purposes of the Double Jeopardy Clause, the Commonwealth and United States governments constitute a single sovereign, in as much as the former's power to prosecute derives from the latter's.  Thus, the Commonwealth's prosecution, conviction, and sentence of an individual bars his subsequent prosecution by federal authorities for the same conduct under equivalent criminal law.

The issue now before us is whether a Commonwealth final judgment suppressing identification evidence should likewise bar its use in a subsequent federal prosecution based on the very same underlying facts.  We answer in the affirmative.

David Santiago Colón was charged in Commonwealth court for attempted murder and violations of Articles 5.04 and 5.15 of the Puerto Rico Weapons Law.  He unsuccessfully moved to suppress evidence of his identification.  However, on appellate review, the intermediate court found the identification testimony below untrustworthy[1] and remanded the matter in order for the case to continue with independent evidence.  The Commonwealth sought certiorari review from

---

[1] The Puerto Rico Court of Appeals relied on Commonwealth Supreme Court precedent which, in turn invokes Supreme Court identification procedure jurisprudence.

**Criminal No. 15-396 (GAG)**

the Puerto Rico Supreme Court, which denied the same.  The case was ultimately dismissed at the trial level.

After the Puerto Rico Supreme Court denied review, but prior to the case being dismissed, a federal grand jury indicted Santiago Colón for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).[2]  This Court must give the Commonwealth court suppression findings and judgment preclusive effect.  Not doing so would ignore the constitutional reality that indeed the Commonwealth and United States are but one sovereign when it comes to criminally prosecuting individuals.  While prosecutors from the United States Attorney's Office did not participate in the Commonwealth court criminal proceedings against Santiago Colón, their local counterparts in fact did.  Their authority to do so ultimately emanates from the United States.  <u>Sanchez Valle</u>.

Allowing the identification evidence issue to proceed in this forum would hence permit the same sovereign to relitigate and review a final and unsuccessful defense of a constitutional violation.

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of October, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

---

[2] There is no dispute that both the Commonwealth and federal charges emanate from the very same identification procedure.